## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JANE DOE MSF-1,

        Plaintiff,

v.

THE UNIVERSITY OF MICHIGAN
& THE REGENTS OF THE
UNIVERSITY OF MICHIGAN;
DREXEL UNIVERSITY;
MATTHEW WEISS AND KEFFER
DEVELOPMENT SERVICES, LLC,

        Defendants.

Case No.:

Hon.

_____/

John Manly (CA #149080)
Haley Aanestad (CA #334382)
Alexandra Ogron (CA #357025)
MANLY STEWART FINALDI
Attorneys for Plaintiff Jane Doe MSF-1
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
(949) 252-9990
jmanly@manlystewart.com
haanestad@manlystewart.com
aogron@manlystewart.com

_____/

THERE ARE SEVERAL PENDING CIVIL ACTIONS ARISING OUT
OF SIMILAR TRANSACTIONS OR OCCURRENCES ALLEGED IN
THIS COMPLAINT CONSOLIDATED UNDER MDL NO. 3159.

## COMPLAINT AND JURY DEMAND

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Jane Doe MSF-1, by and through her attorneys, MANLY STEWART & FINALDI, and for their Complaint against The University of Michigan ("UM"),  the Regents of the University of Michigan ("Regents"), Drexel University, Matthew Weiss and Keffer Development Services, LLC collectively referred to as "Defendants," allege and state as follows:

## I.    INTRODUCTION

1.    While employed as an assistant coach by UM and the Regents, Weiss used his position to target athletes and obtain access to various accounts where he was able to search for and download personal, intimate photographs and videos that were not publicly shared, including photographs of Jane Doe MSF-1.

2.    The Plaintiff seeks to proceed pseudonymously because of the extremely sensitive nature of the case as it involves the unlawful obtaining of intimate photographs which were never intended to be shared.

3.    Defendant Weiss was a prominent figure within the UM's athletic program. In the course of his employment, the UM and the Regents granted him access to information systems containing highly sensitive student data. The access granted was unduly broad. It was also unmonitored.

4.    These violations went undetected for nearly a decade due to UM and the Regents' gross negligence in supervising employees and securing its student data systems. Despite leveraging its highly regarded athletics program to bolster its

2

reputation and attract students, the UM failed to implement even the most basic safeguards to protect the rights and privacy of its student-athletes.

5.      Weiss' extensive data downloads of personal student data should have raised immediate red flags, had even basic monitoring protocols been in place. Instead, these failings enabled Weiss's predatory behavior to continue undetected for over eight years.

## II.    <u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising from the Constitution, laws, and treaties of the United States, including but not limited to, Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq*., and the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

7.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1343 as this is a civil action authorized by law brought by a person to redress the deprivation, under color of a State law, statute, ordinance, regulation, custom, or usage of a right, privilege, or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and a civil action to recover damages or to secure equitable relief under an Act of Congress providing for the protection of civil rights.

8.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

9.     The claims are cognizable under the United States Constitution, 42 U.S.C. § 1983, 20 U.S.C. § 1681 *et seq*., and under Michigan Law.

10.    The amount in controversy exceeds the jurisdictional minimum of $75,000.00.

11.    The events giving rise to this lawsuit occurred in Washtenaw County, Michigan which sits in the Southern Division of the Eastern District of Michigan.

12.    Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

13.    Plaintiffs' Complaint is timely filed within the applicable statutes of limitations and under M.C.L. § 600.6431(3) and MCL 600.5855.

## III.   <u>PARTIES</u>

14.    Plaintiff Jane Doe MSF-1 ("Plaintiff") is a resident of the State of New York.

15.    UM is a public university organized and existing under the laws of the State of Michigan UM received federal financial assistance and is therefore subject

to the Title IX of the Education Amendments of 1962, 20 U.S.C. § 1681(a)

16.     The Regents of the University of Michigan is a body corporate, with the right to be sued, vested with the government of the university. M.C.L. § 390.3 and 390.4.

17.     Weiss is an individual who resides in Michigan.

18.     Keffer Development Services, LLC ("Keffer") is a Pennsylvania limited company that has continuously and systematically done business in the State of Michigan through its direct providing of services and entities within the State of Michigan and has therefore purposefully availed itself of protections of the laws of the State of Michigan.

19.     Drexel University is a private, non-profit, educational corporation incorporated in the Commonwealth of Pennsylvania.

20.     Defendants are not immune from suit under the Governmental Tort Liability Act, M.C.L. § 691.1401, *et seq*., sovereign immunity, or any other statute or Michigan or United States constitutional provision.

## IV.     FACTUAL ALLEGATIONS

21.     Plaintiff is a 29-year-old woman who resides in New York.

22.     Plaintiff was a student-athlete attending Drexel University during the relevant time period of events alleged herein.

23.     These incidents of exploitation embarrassed and humiliated Plaintiff,

resulting in severe emotional distress affecting her day-to-day life. The emotional distress and damage caused by these events exists today and will likely last for the rest of her life. As the direct and proximate result of Defendants' actions and/or inactions stated above, Plaintiff has suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, anxiety, sadness, loss of self-esteem, disgrace, fright, grief, humiliation, and loss of enjoyment of life, lack of trust or inability to trust others, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity, as well as past, present, and future medical expenses.

24.    Weiss was employed by the UM.

25.    Weiss's actions were in furtherance of his job duties for the UM.

26.    The Regents are responsible and had a duty to ensure that the UM runs itself with integrity and care for the students.

27.    Drexel is responsible for, and had a duty to, ensure that its student-athletes were not placed in harm's way.

28.    The Regents, UM, and Drexel ("Entity Defendants") breached that duty by failing to supervise and monitor Weiss and to vet and appropriately oversee Keffer, as a result Plaintiff and thousands of others have had their privacy illegally

invaded.

29.     The Entity Defendants also failed in that duty by failing to consider, implement, or follow a policy to oversee how or whether the UM conducted its operations in a manner that would have in any manner monitored, supervised, and ensured that retention and employment of Weiss would not result in a breach of the privacy Plaintiff entrusted to Drexel and Keffer.

30.     The Entity Defendants also failed in that duty by failing to take any action much less consider means by which to prevent the harm caused to Plaintiff as alleged in this Complaint.

31.     The Regents were supposed, but failed, to establish UM policy, including to monitor personnel, including but not limited to Weiss, so that students on the campus were protected from their privacy being invaded.

32.     The Entity Defendants recklessly failed to ensure media and information of and pertaining to student athletes including but not limited to Plaintiff was safely provided since Plaintiff entrusted the Entity Defendants to do so.

33.     Drexel, the Regents, and UM had an obligation to support Plaintiff, and to develop the campus, its operations, including student services, admissions, and financial aid, among others, in a way that at least considered having and executing security measures to protect the personal, private, and intimate images and information of the Plaintiff.

34.    Drexel, the Regents, and UM breached those duties because they failed to consider or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiff.

35.    The Plaintiff entrusted the Entity Defendants to safeguard their sensitive information.

36.    The Entity Defendants breached the heightened duty it had and recklessly permitted Weiss to invade the Plaintiffs' privacy and likewise for their student athlete peers and expose them and their intimate images.

37.    The UM employed and controlled Weiss.

38.    The UM assigned and directed job duties to and upon Weiss.

39.    Those job duties and direction directly resulted in Weiss accessing private, personal, intimate images and information of Plaintiff and others similar to them, all of which were private, and entrusted to be safeguarded by the UM and its agents.

40.    The UM took no action to monitor Weiss despite providing him with the ability and means to invade Plaintiff's privacy.

41.    The UM breached the confidence that Plaintiff entrusted to the UM and did so by providing Weiss with the electronic credentials and ability to track and spy on students athletes including Plaintiff, and to use those credentials to invade Plaintiff's private lives and obtain and use images of them and personal information

8

relating to her.

42. With no UM supervision, and during execution of his official duties as an employee of the UM, Weiss invaded Plaintiff's privacy.

43. The misconduct, recklessness, and bad acts of Drexel, the Regents, the UM, and Weiss also included and involved Keffer.

44. Keffer's misconduct, negligence, and recklessness also contributed to Weiss invading the privacy of Plaintiffs and their fellow student athletes.

45. Keffer agreed to safely maintain and store information, images, expressions, and videos of Plaintiff and their peers in a secure manner, free from access by employees of the UM, such as Weiss, or third parties.

46. Keffer knew that the images and information of Plaintiff would be personal, private, and intimate.

47. Keffer knowingly and intentionally took on the obligation to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiff.

48. Keffer breached those obligations by failing to consider, enact, or implement any policy, procedure, or security measure to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiff.

49. Weiss accessed the personal, private, and intimate images and

information entrusted to Keffer by Plaintiff as a result of Keffer's failures to consider, enact, or implement any measure of security or protection.

50. Keffer collects information including private information about students and student athletes.

51. Drexel, UM and the Regents authorized Keffer's collection of that information that is and was personal and private in nature.

52. Plaintiff and others similar to them entrusted that Drexel, the Regents and the UM's authorization to and entrustment to Keffer would keep them safe and their private images and information private.

53. Drexel, the Regents and the UM failed to take any action to ensure that Keffer retained the privacy of the images and information of Plaintiff.

54. The Entity Defendants' failures in this respect harmed Plaintiff.

55. Keffer failed to take any action to ensure that it retained the privacy of the images and information of Plaintiff entrusted to Keffer.

56. Keffer failed to consider or take any action to protect against the access by Weiss of the private information, images, expressions, and videos of Plaintiff.

57. Due to the negligent and reckless conduct of the Entity Defendants, Weiss was able to, among other misconduct, invade the privacy of various individuals including but not limited to Plaintiff.

58. Between approximately 2015 and January 2023, as alleged in the

Indictment against him (*U.S. v. Weiss*, E.D. Mich. Case No. 2:25-cr-20165, ECF 1, PageID.1-15), Weiss gained access—without and in excess of authorization—to the social media, email, and/or cloud storage accounts of more than 3,300 people including but not limited to NCCA Division 1 student athletes, past and present, and including but not limited to Plaintiff.

59.     His ability to do so was aided by the UM and the Regents both of whom permitted him to have access and use of electronic credentials that were means of viewing and downloading personal, private, and intimate images of Plaintiff.

60.     The Entity Defendants failed to review Weiss's activity, failed to supervise his activity, failed to review his retention in a prudent manner, and failed to ensure his work duties were being undertaken and completed with respect for Plaintiffs' privacy and the privacy of others.

61.     The Entity Defendants failed to consider or implement any measure of security that provided protection for the privacy of information about student athletes including by failing to consider or have multiple authentication credentials, background checks, peer reviews, or oversight.

62.     These failures allowed Weiss to access private, intimate, personal information pertaining to Plaintiff, all of which was maintained by Keffer, as encouraged and authorized by the UM and the Regents, and all of which Plaintiff entrusted to the Entity Defendants.

63.     The recklessness, negligence, and misconduct of the Entity Defendants in these respects enabled Weiss to target female college athletes to obtain their private and sensitive information without authorization, including but not limited to Plaintiff.

64.     The Entity Defendants knew that Weiss, by virtue of his job duties, would be at an advantage over others and would be able to access the other private information and privacy interests of the Plaintiff.

65.     Because Entity Defendants failed to undertake any reasonable security measures or background checks of Weiss, he was enabled to brazenly research and target and invade the privacy of various athletes, particularly female athletes, nearly all if not all such women were targeted based on their school affiliation, athletic history, and physical characteristics.

66.     Because the Entity Defendants failed to supervise Weiss, review his conduct, review his credentials, review his work, and left him free to prey on Plaintiffs and others, all without reporting what he was doing in furtherance of his duties, Weiss was able to execute his goal of obtaining private photographs and videos of Plaintiff that were never intended to be shared with him.

67.     As a result of Drexel's recklessness, UM's recklessness, the recklessness of the Regents, and the gross negligence of Keffer, Weiss downloaded personal, intimate digital photographs of Plaintiff.

68. Because the Entity Defendants negligently and recklessly failed to exercise any control over Weiss, Weiss, in furtherance of performance of his job duties, was able to successfully target athletes such as Plaintiff and download, obtain, and use their private information, and images.

69. Because the Entity Defendants negligently and recklessly failed to keep tabs on Weiss, he was able to keep notes on individuals whose photographs and videos he wanted, all of which he obtained, and then viewed, and the Entity Defendants' failure to take any reasonable protective measures was so severe that Weiss even kept detailed notes commenting on the bodies and sexual preferences of Plaintiffs and their peers.

70. The information that the Entity Defendants permitted Weiss to obtain is highly private, secretive, embarrassing when shared without authorization, and humiliating to become public without authorization.

71. Weiss obtained access—without and in excess of authorization—to student athlete databases of more than 100 colleges and universities across the country that were maintained by Keffer including but not limited to those of university athletes like Plaintiff, because Drexel, the Regents, and UM failed to take any action or even consider the harm Weiss could do, and actually did, as did Keffer

72. Drexel, UM, and the Regents also failed to investigate Keffer, Keffer's protocols, and failed to monitor or establish safeguards for Keffer's work with the

students and their private images to ensure they carried out their duties to safeguard and protect the private information entrusted to them.

73.     Drexel, UM, and the Regents have also failed to consider or implement ways to prevent exposing students to Weiss.

74.     Drexel, UM, nor the Regents have explained or justified why they failed to undertake any review of the contract with Keffer, failed to investigate Keffer, failed to monitor or establish safeguards for Keffer's work with the students and their private images, and otherwise considered what action they should take to not expose students to Weiss.

75.     Weiss, through the lack of control and enabling from the Entity Defendants, obtained access to databases containing highly sensitive and private information of the Plaintiff.

76.     Many, if not all, of those databases are maintained by Keffer and were entrusted by Plaintiff to be safeguarded.

77.     Plaintiff entrusted Drexel, UM and the Regents to ensure Keffer safeguarded her private information and images.

78.     All of the Entity Defendants failed to consider or execute any action that would have been prudent and would have protected Plaintiff's private information from being accessed by Weiss.

79.     After gaining access to unsecured databases, Weiss downloaded the

personally identifiable information (PII), protected health information (PHI), and medical data of more than 150,000 athletes, including Plaintiff.

80. Weiss also downloaded the passwords athletes used to access Keffer's computer system to view and update their data, including Plaintiff's.

81. Plaintiff is informed and believes that the athletes' passwords that Weiss downloaded were encrypted, but was poorly encrypted because of recklessness of the Entity Defendants that Weiss while not being monitored or supervised by the Entity Defendants cracked the encryption, assisted by basic research that he did on the internet.

82. Plaintiff is informed and believes that through open-source Weiss conducted additional research on targeted athletes such as Plaintiff and obtained personal information such as their mothers' maiden names, pets, places of birth, and nicknames, all of which Plaintiff had entrusted to Entity Defendants to keep private and none of which the Entity Defendants actually safeguarded in any reasonable manner.

83. Plaintiff is informed and believes that using the combined information that he obtained from the student athlete databases and his internet research, based on the lack of supervision or monitoring by the Entity Defendants, despite their control over him, Weiss was able to obtain access to the social media, email, and/or cloud storage accounts of more than 2,000 targeted athletes by guessing or resetting

their passwords including but not limited to Plaintiffs.

84. Plaintiff is informed and believes that once he obtained access to the accounts of targeted athletes, Weiss searched for and downloaded personal, intimate photographs and videos that were not publicly shared, including Plaintiff.

85. Plaintiff is informed and believes Weiss also obtained access—without authorization—to the social media, email, and/or cloud storage accounts of more than 1,300 additional students and/or alumni from universities and colleges from around the country including Plaintiff, caused by the reckless disregard for the safety and personal privacy of the victims committed by the Entity Defendants.

86. Plaintiff is informed and believes that once Weiss gained access to the accounts, he would search for and download personal, intimate photographs and videos access.

87. Drexel took no reasonable actions to prevent this unauthorized access.

88. The Regents took no reasonable actions to prevent this unauthorized access.

89. UM took no reasonable actions to prevent this unauthorized access.

90. Keffer took no reasonable actions to prevent this unauthorized access.

91. Drexel has taken no action to remedy the various tortious harms and invasions it permitted to occur.

92. The Regents have taken no action to remedy the various tortious harms

16

and invasions they permitted to occur.

93.     The UM has taken no action to remedy the various tortious harms and invasions it permitted to occur.

94.     Keffer has taken no action to remedy the various tortious harms and invasions it permitted to occur.

95.     The Entity Defendants have long been on notice, and it is obvious, that the kind of information Weiss accessed would be reasonably expected to be kept private, would be embarrassing if accessed by third parties, and is the kind of data that in the modern world every commercial and governmental actor is expected to take action to safeguard, particularly since the young student athletes who are dedicated to Drexel, UM and the Regents entrusted them to keep all such private information and images confidential and free from access by third parties such as Weiss.

96.     Despite all such notice and prior instances of breach of trust, the Entity Defendants failed to protect Plaintiffs' private information and images, or to study, consider, or undertake any reasonable method to protect the Plaintiffs' privacy and the privacy of others.

97.     From in and around 2015, to in and around January 2023, Plaintiff is informed and believes Weiss intentionally accessed—without authorization— information, images, and personal private information of Plaintiff and others,

including servers from identified and unidentified social media, email, and/or cloud storage providers that the Entity Defendants knew Plaintiffs and others expected and entrusted them to protect and that they failed to protect.

98. Plaintiff is informed and believes Weiss obtained digital photographs, videos, and other private information belonging to more than 3,300 individuals including but not limited to Plaintiff in furtherance of his job duties and his misconduct and the misconduct of the Entity Defendants were violations of the Michigan and Pennsylvania state torts of Invasion of Privacy.

99. Plaintiff is informed and believes from in and around May 2021, to in and around January 2023, Weiss, as a result of the reckless lack of protection, monitoring, or supervision from the Entity Defendants, knowingly transferred, possessed and used, without lawful authority, information, images, and pictures of Plaintiff and others.

100. Plaintiff is informed and believes from in and around January 2020, to in and around October of 2021, Weiss intentionally accessed—as a result of the Entity Defendants' failure to protect the privacy of Plaintiffs and others—computers, networks, and information relating to Plaintiff and others that was private in nature.

101. Plaintiff is informed and believes that after compromising the passwords of approximately 150 accounts and gaining access to these same accounts because he was unsupervised or monitored, Weiss downloaded personally

identifiable information (PII), protected health information (PHI), and other health protected information and medical data of more than 150,000 athletes in furtherance of his job duties, including but not limited to Plaintiff, all in violation of Michigan, and Pennsylvania state torts of Invasion of Privacy.

102.  Weiss intended to and did obtain information that furthered his ability to reset the passwords for and access—without authorization—of social media, email, and/or cloud storage accounts of individuals like Plaintiff whose information he obtained from Keffer's systems, all of which were significantly more easily obtained because of the lack of oversight and monitoring from the Entity Defendants, despite notice of the threat therefor.

103.  Plaintiff is informed and believes from in and around October 2022, to in and around January 2023, Weiss intentionally—without and in excess of authorization—accessed servers Keffer operated, because the Entity Defendants failed to supervise or monitor him, and he as a result obtained digital photographs, videos, and other private information of Plaintiff and others, all in furtherance of job duties, including violations of the Michigan and Pennsylvania state tort of Invasion of Privacy.

104.  Plaintiff is informed and believes from in and around December 21, 2022, to in and around December 23, 2022, Weiss intentionally accessed—without authorization—computers and servers of the UM and the Regents and their

technology service providers, thereby invading the privacy of Plaintiff and others, from and after the Entity Defendants' failure to monitor or supervise Weiss, despite the trust that the Plaintiff placed in the Entity Defendants.

105. As additional damage, and as a result of the Entity Defendants' failure to monitor or supervise Weiss, Weiss was able to reset various passwords including Plaintiff's account, which amounts to various tortious acts, including violations of privacy, and was perpetrated through various social media, email, and/or cloud storage accounts of Plaintiff.

106. Plaintiff has incurred significant monetary and nonmonetary damages as a result of Defendants' actions, inactions, torts, negligence, recklessness, and misconduct, and has been so damaged in excess of $75,000, exclusive of costs, interest, and fees.

## COUNT 1:

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT – 18 U.S.C. 1030

107. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

108. Weiss violated the Computer Fraud and Abuse Act by accessing without authorization Plaintiff's private information.

20

109.    Weiss did so in connection with his job duties given to him by UM.

110.    Weiss violated the Act because he "intentionally accesse[d] a computer without authorization" and/or "exceed[ed] authorized access, and thereby obtain[ed] ... information." 18 U.S.C. § 1030(a)(2)(C).

111.    Under the law, Weiss was an "inside hacker" because he accessed a computer with permission that dealt with Plaintiff as a student athlete, however, Weiss in connection with and furtherance of his job duties then exceeded the parameters of authorized access by entering an area of computerized network of information that was off-limits.

112.    Weiss's violations were intentional because he knew he was unauthorized and proceeded nevertheless and did so with approval from the UM.

113.    UM is vicariously liable for his actions because he did so in furtherance of his role as a medical sports employee of the UM's athletic department.

114.    The law is clear that the UM is vicariously liable for any completed offenses of its agents.

115.    Under 18 U.S.C. § 1030(g), Plaintiff may recover damages in this civil action from Weiss and the UM along with injunctive relief or other equitable relief.

116.    Plaintiff should be awarded all such forms of damages in this case for Weiss's and the UM's willful violation that caused great damage, humiliation, and embarrassment to Plaintiff.

21

## COUNT 2

## VIOLATIONS OF THE STORED COMMUNICATIONS ACT – U.S.C. 2701

117.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

118.   The Stored Communications Act, 18 U.S.C. § 2701 et seq., prohibits the intentional access of web-based cloud storage and media accounts such as those at issue and other accounts hosted by Keffer that did and do, like for Plaintiff, contain personal, private, and intimate information about and relating to Plaintiff.

119.   Specifically, 18 U.S.C. § 2701(a) states that anyone who:   (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility;  and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

120.   Plaintiff's electronic information and communications were in electronic storage and fit directly within the protections of the statute.

121.   The information, messages, files, and media were accessed by Weiss without authorization, in connection with his job duties performed for the UM.

122.   Weiss's access without authorization in connection with his UM job

22

duties was intentional and knowingly done.

123. There is no manner in which Plaintiff's private information, messages, files, and media that is in issue could have been obtained without unauthorized access and would not have been obtained without unauthorized access had Weiss not been an employee of the UM working in the specific capacity for which the UM hired and employed him.

124. Section 2707 of the Stored Communications Act states that a party may bring a civil action for the violation of this statute.

125. It is a strict liability statute.

126. The statute provides that a person aggrieved by a violation of the act may seek appropriate relief including equitable and declaratory relief, actual damages or damages no less than $1,000, punitive damages, and reasonable attorney's fee[s] and other litigation costs reasonably incurred according to 18 U.S.C. § 2707(b)-(c).

127. The UM's and Weiss's access to Plaintiff' private, personal, and intimate information, messages, files, and media was in violation of 18 U.S.C. § 2701(a).

128. The UM and Weiss knew they did not have authority to access Plaintiff's private, personal, and intimate information, messages, files, and media and accessed it nevertheless.

23

129. That willful misconduct violated the Stored Communications Act on various occasions.

130. Plaintiff has incurred significant monetary and nonmonetary damages as a result of these violations of the Stored Communications Act, and Plaintiff requests to be compensated for her injuries.

131. Under the statute, Plaintiff should be granted the greater of (1) the sum of her actual damages suffered and any profits made by the UM and Weiss as a result of the violations or (2) $1,000 per violation of the Stored Communications Act.

132. Since the violations were willful, the Court should assess punitive damages against all Defendants in addition.

133. Plaintiff should be granted reasonable attorney fees and costs as well.

## COUNT 3:

## VIOLATION OF TITLE IX, 20 U.S.C. 1681(A) ET SEQ.

## AGAINST UM AND DREXEL

134. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

135. Title IX's statutory language states, "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."

136.   Plaintiff is a "person" under the Title IX statutory language.

137.   UM and Drexel receive federal financial assistance for its education program and are therefore subject to the provisions of Title IX (of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq*.

138.   UM and Drexel are required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment.

139.   The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school, and extends to sexual harassment and assault by employees, students, and third parties.

140.   Weiss's conduct and actions toward Plaintiff, that being, without limitation, accessing private intimate material without consent, constitutes sex discrimination under Title IX.

141.   Defendants acted with deliberate indifference to known acts of sexual assault, abuse, and molestation on its premises by:

   a.   Failing to protect Plaintiff and others as required by Title IX;

   b.   Failing to adequately investigate and address the complaints regarding the deeply sensitive information Plaintiff provided;

   c.   Failing to institute corrective measures to prevent Weiss from sexually harassing other students; and

   d.   Failing to adequately investigate the other multiple acts of deliberate

indifference.

142.   Drexel, UM and the Regents acted with deliberate indifference as their lack of response to the sexual harassment was clearly unreasonable in light of the known circumstances.

143.   Drexel, UM and the Regents' failure to promptly and appropriately protect, investigate, and remedy and respond to the sexual harassment of women has effectively denied the Plaintiff equal educational opportunities.

144.   At the time the Plaintiff was a student athlete at Drexel she did not know the Entity Defendants failed to adequately consider their safety including in their engagement, hire, training, and supervision of Weiss.

145.   As a result of Drexel, UM's and the Regents' deliberate indifference, Plaintiff has suffered loss of educational opportunities and/or benefits.

146.   Plaintiff has incurred, and will continue to incur, attorney's fees and costs of litigation.

147.   At the time of Defendants' misconduct and wrongful actions and inactions, Plaintiff was unaware, and or with reasonable diligence could not have been aware, of Defendants' institutional failings with respect to their responsibilities under Title IX.

148.   Drexel, the Regents and the UM maintained a policy and/or practice of deliberate indifference to protection of female student athletes.

149. Drexel, the Regents and the UM policy and/or practice of deliberate indifference to protection against the invasion of privacy for female athletes created a heightened risk of sexual harassment.

150. Defendants had the ability to prevent the privacy invasion and sexual harassment failed to so prevent the invasions and harassment.

151. Because of Drexel, the Regents and the UM's policy and/or practice of deliberate indifference, Plaintiff had her privacy invaded and was sexually harassed by Weiss.

152. Plaintiff should be awarded all such forms of damages in this case for Drexel, Regents' and the UM's conduct that caused great damage, humiliation, and embarrassment to Plaintiff.

## COUNT 4:

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 – STATE CREATED DANGER

153. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

154. The due process clause of the 14th Amendment provides that the state may not deprive a person of life, liberty or property without due process of law.

155. The Regents and the UM recklessly exposed Plaintiff to a dangerous

predator, Weiss, knowing he could cause serious damage by sexually harassing female students, and also by violating their rights to privacy.

156. Plaintiff as a female student athletes were foreseeable victims.

157. The invasion of Plaintiff's privacy was foreseeable.

158. The decisions and actions to deprive Plaintiff of a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff.

159. The UM and the Regents acted in willful disregard for the safety of Plaintiff.

160. The decisions and actions to deprive Plaintiff a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff.

161. The UM and the Regents acted in willful disregard for the safety of Plaintiff.

162. Plaintiff should be awarded all such forms of damages in this case for Regents' and the UM's conduct that caused great damage, humiliation, and embarrassment to Plaintiff.

## COUNT 5:

## FAILURE TO TRAIN AND SUPERVISE 42 U.S.C. 1983

163. Plaintiff re-alleges and incorporates by reference herein each and every

allegation contained herein above as though fully set forth and brought in this cause of action.

164. The UM and the Regents had the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives including Weiss and all faculty and staff regarding their duties toward students, faculty, staff and visitors.

165. The UM and the Regents failed to train and supervise their employees, agents, and/or representatives including all faculty and staff, regarding the following duties:

a. perceive, understand, and prevent inappropriate sexual harassment on campus; campus;

b. Perceive, report, and prevent inappropriate invasion of privacy

c. Provide diligent supervision to and over student athletes and other individuals, including Weiss;

d. Thoroughly investigate any invasion of privacy by Weiss;

e. Ensure the safety of all students, faculty, staff, and visitors to UM's campuses premises;

f. Provide a safe environment for all students, faculty, staff, and visitors to UM's premises free from sexual harassment; and, invasions of privacy;

g.    Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

h.    The above list of duties is not exhaustive.

166.   The UM and the Regents failed to adequately train coaches, trainers, medical staff, Weiss, and others regarding the aforementioned duties which led to violations of Plaintiff's rights.

167.   The UM and the Regents failure to adequately train was the result of Defendants' deliberate indifference toward the well-being of student athletes.

168.   The UM and the Regents failure to adequately train is closely related to or actually caused Plaintiff's injuries.

169.   As a result, the UM and the Regents deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

170.   Plaintiff should be awarded all such forms of damages in this case for Regents' and the UM's conduct that caused great damage, humiliation, and embarrassment to Plaintiff.

**COUNT 6:**

**INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

171.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause

30

of action.

172.   Plaintiff's personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

173.   All of that private and personal information was wrongfully accessed by Weiss.   174.   Weiss's actions were not authorized.

175.   The information could not have been obtained but for the Entity Defendants' lack of monitoring and supervision.

176.   Plaintiff did not authorize any access.

177.   Plaintiff is embarrassed, ashamed, humiliated, and mortified that her private information has been access by total strangers and third parties.

178.   Plaintiff's social media information and image and videos are a private subject matter.

179.   Plaintiff had a right to keep all such information private.

180.   The means Weiss took to obtain the information was objectively unreasonable.

181.   Plaintiff has incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT 7:

## GROSS NEGLIGENCE

182.   Plaintiff re-alleges and incorporates by reference herein each and every

allegation contained herein above as though fully set forth and brought in this cause of action.

183. Plaintiff's personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

184. All of that private and personal information was wrongfully accessed by Weiss.

185. Weiss's actions were not authorized.

186. The information could not have been obtained but for the Entity Defendants' lack of monitoring and supervision.

187. Plaintiff did not authorize any access.

188. Plaintiff is embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

189. Plaintiff's social media information and image and videos are a private subject matter.

190. Plaintiff had a right to keep all such information private.

191. Plaintiff entrusted Drexel, the Regents and the UM to ensure methods were undertaken to secure, safeguard, and protect against authorized access to her private information.

192. Keffer was entrusted to keep Plaintiff's private information private.

193. Defendants breached duties owed to Plaintiffs and were grossly

negligent when they conducted themselves by the actions described above, said acts having been committed with reckless disregard for Plaintiff's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

## COUNT 8:

## NEGLIGENCE

194.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

195.   The entity Defendants owed a duty to act with due and reasonable care towards the public and in particular the students of the University as well as other individuals whose information was within Keffer's computer system.

196. The Entity Defendants were aware that its students and their Private Information could be susceptible to unlawful access by third parties.

197.   All Defendants owed duties to prevent foreseeable harm to Plaintiff. These duties existed because Plaintiff was the foreseeable and probable victim of any inadequate security practices. Defendants' duties to use reasonable and adequate security measures also arose as a result of the special relationship between Defendants on the one hand, and Plaintiff a, on the other hand. The special relationship arose because Plaintiff entrusted Defendants with their PII/PHI by virtue

of her participation in all aspects of school life. Defendants alone could have ensured that their systems, databases, and data storage architecture were sufficient to prevent and minimize the data breach, and yet they failed to do so.

198.   Defendants' duties to prevent this data breach, to use reasonable data security measures, and to timely notify students of the affected breach arose under state and federal statutes, which impose on each Defendant mandatory duties to protect and safeguard the PII and PHI of the students' whose information is within their control. These duties are imposed by the Federal Trade Commissions Act, 15 U.S.C. 45, Family Education Rights and Privacy Act ("FERPA"), Student Online Personal Protection Act, M.C.L.A 388.1291 *et seq.*, and Health Information Portability and Accountability Act.

199.   None of the Defendants, however, ensured that their computer systems were secure and failed to adequately protect the users of their systems, including students.

200.   The Entity Defendants knew the sensitivity of the information kept on its system but failed to ensure that it was secure.

201.   For the above reasons and others, the Entity Defendants breached the duty of reasonable care to Plaintiff.

202.   Furthermore, the Entity Defendants are also liable for actions of its employees and vendors – including Keffer – under vicarious liability. Each Entity

Defendant had a duty to monitor, supervise, control, and otherwise provide the necessary oversight to safeguard the PII and PHI of their students that they collected, stored, and processed on their and Keffer's systems. At all material times herein, the Entity Defendants had control or the right to control the actions of Keffer, and yet they failed to take any action to ensure that the PII and PHI of their students was protected.

203. As a direct and proximate result of the Entity Defendants' actions and omissions, Plaintiff had her personal information targeted, stolen, and viewed without her knowledge or permission.

204. As a direct and proximate result of the Entity Defendants' general negligence, Plaintiff suffered economic and non-economic damages.

205. Plaintiff seeks all monetary and non-monetary relief allowed by law, including actual damages, statutory damages, punitive damages, preliminary and other equitable or declaratory relief, and attorneys' fees and costs.

## DAMAGES AND RELIEF REQUESTED

206. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

207. The incidents of exploitation, detailed above, embarrassed and humiliated Plaintiff, resulting in severe emotional distress affecting her day-to-day

life.

208.   The emotional distress and damage caused by these events exists today and will likely last for the rest of her life.

209.   As the direct and proximate result of Defendants' actions and/or inactions stated above, Plaintiff has suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, anxiety, sadness, loss of self-esteem, disgrace, fright, grief, humiliation, and loss of enjoyment of life, lack of trust or inability to trust others, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity, as well as past, present, and future medical expenses.

Respectfully submitted,

Dated: April 30, 2026                    By:     /s/

36

*John C. Manly*

John Manly (CA #149080)
Haley Aanestad (CA #334382)
Alex Ogron (CA #357025)
MANLY STEWART FINALDI
Attorneys for Plaintiff Jane Doe MSF-1
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
(949) 252-9990
jmanly@manlystewart.com
haanestad@manlystewart.com
aogron@manlystewart.com

## JURY DEMAND

Plaintiff, Jane Doe MSF-1, by and through her attorneys, MANLY STEWART FINALDI, hereby demands a trial by jury on all claims set forth above.

Dated: April 30, 2026

By: /s/ *John C. Manly*

John Manly (CA #149080)
Haley Aanestad (CA #334382)
Alexandra Ogron (CA #357025)
MANLY STEWART FINALDI
Attorneys for Plaintiff Jane Doe MSF-1
19100 Von Karman Avenue, Suite 800
Irvine, California 92612
(949) 252-9990
jmanly@manlystewart.com
haanestad@manlystewart.com
aogron@manlystewart.com